## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

OLIVIA MOLINA and
PABLO REGALADO,

        Plaintiffs,

vs.                                       Civ. No. 08-00153 MV/LAM

ALBUQUERQUE POLICE DEPARTMENT,
a local public body of the State of New Mexico,
CITY OF ALBUQUERQUE, a local public body
of the State of New Mexico, and OFFICER
MICHAEL WERNER,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, filed

February 12, 2009 **[Doc. No. 36]**.  The Court, having considered the motion, briefs, relevant law

and being otherwise fully informed, finds that Defendants' motion is in part well-taken and in

part not well-taken.  The Court **DENIES** Defendants' request that the case be dismissed, but

orders the production of certain information and documents as outlined below.[1]

## <u>FACTUAL BACKGROUND</u>

This case arises out of the allegedly unlawful seizure of Plaintiffs by Officer Werner on

the night of September 24, 2005.  Among other things, the Complaint alleges that Officer

Werner used excessive force against Plaintiffs and that as a result "Plaintiffs suffered severe and

---

[1]  The term "Defendants" is used to refer to the City of Albuquerque and Officer Michael Werner.  The claims brought against the Albuquerque Police Department were previously dismissed **[Doc. No. 10]**.

permanent injuries and damages including severe bruises, contusions and abrasions," "were rendered weak, stiff, [and] sore causing great physical pain and anguish, fear and consternation," and "have suffered severe emotional distress and damages in the form of medical expenses" **[Doc. No. 1 at ¶ 26]**.  Defendants seek dismissal of this case as a sanction for Plaintiffs' discovery misconduct.  The facts relevant to this discovery dispute are as follows.

On August 8, 2008, Plaintiffs served their initial disclosures on Defendants **[Doc. No. 21]**.  Defendants elected not to propound discovery and on November 28, 2008, discovery closed **[Doc. No. 19]**.

On December 18, 2008, Defendants filed a motion to compel Plaintiffs to supplement their initial disclosures on the basis that Plaintiffs' initial disclosures failed to comply with the requirements mandated by Federal Rule of Civil Procedure 26(a)(1)(A) and Rule 26.3(d) of the Local Civil Rules for the United States District Court for the District of New Mexico **[Doc. No. 27]**.  Plaintiffs failed to respond to Defendants' motion and on January 21, 2009, United States Magistrate Judge Lourdes A. Martínez granted Defendants' motion **[Doc. No. 30]** and ordered that Plaintiffs:

> [S]upplement their initial disclosures, **on or before February 2, 2008**, to provide the following documents and information to Defendants:
>
> 1.    The name, address and phone number of any healthcare provider which has treated Plaintiffs during the last five years preceding the date of the occurrence referred to in Plaintiffs' [complaint];
>
> 2.    All medical records already in Plaintiffs' possession that support Plaintiffs' claims for medical damages;
>
> 3.    Signed releases, using the forms set forth in "Appendix A" referenced in D.N.M.LR-Civ. 26(d)(3), for each healthcare provider which has treated Plaintiffs during the last five years preceding the date of the occurrence referred to in Plaintiffs' [complaint]; . . . .

2

4.    If known, the addresses and telephone numbers of the non-party witnesses identified in Plaintiffs' initial disclosures made to Defendants;

5.    A copy of all records and documents that Plaintiffs will rely on to support their claims; and

6.    For each category of damages described in Plaintiffs' [complaint], a specific computation of damages and a copy of the underlying documents on which such computation is based.

On January 30, 2009, Plaintiffs served their supplemental initial disclosures on Defendants **[Doc. No. 34]** and on February 12, 2009, Defendants filed the instant motion to dismiss on the basis that Plaintiffs' supplemental initial disclosures fail to comply with the Court's January 21, 2009 Order.  Specifically, Defendants fault Plaintiffs' supplemental disclosures on the basis that (a) Plaintiffs did not provide the name, address and phone number of, or signed releases for, any healthcare providers who had treated Plaintiffs in the five years preceding the incident; (b) Plaintiffs did not provide the addresses and telephone numbers of the non-party witnesses (instead providing only their names care of Plaintiffs' attorney's office); (c) the records Plaintiffs provided do not support Plaintiffs' claims but show that they are without merit; and (d) Plaintiffs did not provide copies of underlying documents to support their computation of damages.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and 37(c)(1), Defendants ask the Court to dismiss this case with prejudice or, in the alternative, to strike the non-party witnesses whose contact information was not provided, to prohibit any claims for medical damages, to prohibit the use of any documents not disclosed, to strike any amount of damages for which underlying documents have not been provided, and to grant Defendants their attorneys fees and

costs.

Federal Rule of Civil Procedure 37(b)(2)(A) provides a list of sanctions that a court

"may" impose where a party fails to obey a court order, including dismissal of the action in

whole or part.  Specifically, Rule 37(b)(2)(A) states:

> If a party . . . fails to obey an order to provide or permit discovery, including an
> order under Rule 26(f), 35, or 37(a), the court where the action is pending may
> issue further just orders.  They may include the following:
>
> **(i)**     directing that the matters embraced in the order or other designated facts
>            be taken as established for purposes of the action, as the prevailing party
>            claims;
>
> **(ii)**    prohibiting the disobedient party from supporting or opposing designated
>            claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)**   striking pleadings in whole or in part;
>
> **(iv)**    staying further proceedings until the order is obeyed;
>
> **(v)**     dismissing the action or proceeding in whole or in part;
>
> **(vi)**    rendering a default judgment against the disobedient party; or
>
> **(vii)**   treating as contempt of court the failure to obey any order except an order
>            to submit to a physical or mental examination.

In contrast to the discretionary nature of the sanctions provided by Rule 37(b)(2)(A),

Federal Rule of Civil Procedure 37(c)(1)—which explicitly addresses a party's failure to provide

information or to identify witnesses in the party's initial disclosure—provides:

> If a party fails to provide information or identify a witness as required by
> Rule 26(a) or (e), the party ***is not allowed to use that information or witness to
> supply evidence on a motion, at a hearing, or at a trial, unless the failure was
> substantially justified or is harmless***.  In addition to or instead of this sanction,
> the court, on motion and after giving an opportunity to be heard:
>
> (A)     may order payment of the reasonable expenses, including attorney's fees,
>        caused by the failure;

4

(B)     may inform the jury of the party's failure; and

(C)     may impose other appropriate sanctions, including any of the orders listed
        in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added).  Accordingly, exclusion of information that is not

disclosed or witnesses that are not identified is mandated by Rule 37(c)(1) unless the failure to

disclose the information or witness "was substantially justified or is harmless."  In determining

whether a failure to provide information or to identify a witness is substantially justified or

harmless, courts should consider:  "'(1) the prejudice or surprise to the party against whom the

testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which

introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or

willfulness.'" *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

## DISCUSSION

Defendants request that the Court dismiss this case pursuant to Federal Rules of Civil

Procedure 37(b)(2)(A)(v) and 37(c)(1)(C).  "[D]ismissal represents an extreme sanction" that

should be used as a weapon of last resort.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.

1992).  "The district court's discretion to choose a sanction is limited in that the chosen sanction

must be both 'just' and 'related to the particular "claim" which was at issue in the order to

provide discovery.'" *Id.* (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456

U.S. 694, 707 (1982)).  In *Ehrenhaus v. Reynolds*, the Tenth Circuit set out five factors that a

court should ordinarily consider before choosing dismissal as a just sanction:  (1) the degree of

actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the

culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the

5

action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921.  "Only when the aggravating factors outweigh the judicial system's

strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."  *Id.*

(internal quotations omitted).

       This Court declines to impose the extreme sanction of dismissal in this case.  While, as

discussed below, this Court finds that Plaintiffs have failed to fully comply with the Court's

January 21, 2009 Order, this is not a case where Plaintiffs have provided no information.  In fact,

a number of Defendants' complaints seem to be based on the sufficiency of Plaintiffs' evidence,

rather than on the belief that Plaintiffs have intentionally withheld relevant information.

Accordingly, while this Court finds that there is some culpability—at least on the part of counsel

for Plaintiffs, this culpability does not justify the dismissal of this action.  As explained in more

detail below (where this Court examines each of the alleged failures to disclose), this Court finds

that the degree of prejudice to the Defendants is minimal and can easily be rectified with lesser

sanctions (including, where appropriate, the exclusion of specific evidence or witnesses not

disclosed).  It does not appear that Plaintiffs received any warning from the Court that dismissal

of the action would be a likely sanction for noncompliance.  Finally, while there has been some

interference in the judicial process in that Defendants have had to move to compel disclosures,

the degree of interference with the judicial process is not severe.  Notably, Defendants cannot

complain that Plaintiffs' noncompliance hampered their own discovery efforts, as Defendants

elected not to propound discovery and waited until after the close of discovery before

complaining about the alleged inadequacies in Plaintiffs' initial disclosures.[2]  Nor is there

anything in this Order that prevents trial from moving forward in November 2009, as presently

scheduled.  Accordingly, this Court denies Defendants request that the case be dismissed.

This Court now turns to the specific information at issue.

**A.      Information Regarding Plaintiffs' Healthcare Providers**

Defendants complain that Plaintiffs failed to provide (1) the name, address and phone

number of any healthcare providers that treated Plaintiffs during the last five years preceding the

date of the occurrence and (2) signed releases for each healthcare provider identified, as required

by D.N.M.LR-Civ. 26.3(d)[3] and the Court's January 21, 2009 Order.

---

[2]  This Court notes that much of Plaintiffs' opposition brief is premised on the notion that
Defendants are improperly seeking back-door discovery through Plaintiffs' initial disclosures.
While Defendants' election not to propound discovery may well have motivated Defendants to
bring their motion to compel and is a factor this Court has taken into account in analyzing the
degree to which Plaintiffs' conduct has interfered with the judicial process, it has no impact
whatsoever on Plaintiffs' obligations to provide full and accurate initial disclosures.  A party's
duties to provide complete initial disclosures are not tied to an opposing party's discovery
conduct.  Fed. R. Civ. P. 26(a)(1)(A) (specifying the information that "a party must, ***without
awaiting a discovery request***, provide" in his or her initial disclosures (emphasis added)).

[3]  D.N.M.LR-Civ. 26.3(d) requires:

In all cases in which the physical or mental medical condition of a party is an issue, the
party whose condition is an issue must make a good faith effort to produce the following
information that the disclosing party may use to support its claims or defenses, unless solely for
impeachment:

**(1)**      a list of the name, address and phone number of any healthcare provider, including
          without limitation, any physicians, dentists, chiropractors, mental health counselors,
          clinics and hospitals which have treated the party within the last 5 years proceeding the
          date of the occurrence set forth in the pleadings;

**(2)**      all records of such healthcare providers which are already in that party's possession,
          which will be made available for inspection and copying by all other parties to the action;

Plaintiffs respond to Defendants' contentions by arguing that they have produced medical bills that provide the relevant information and "volunteered" to sign releases. In the documents produced by Plaintiffs, there are three medical bills for services rendered to Mr. Regalado; there appear to be none for services rendered to Ms. Molina. The first bill is from UNM Health Sciences Center for services rendered in early October 2005 in the amount of $58.00; the second bill is from Lovelace Sandia Health Systems, is dated December 2, 2005, and lists the amount due as a previous balance of $128.00 (but does not indicate the date the services were rendered); and the third bill is also from Lovelace Sandia Health Systems for services rendered on September 26, 2005 in the amount of $475.00. While these bills provide facility names, P.O. boxes, and phone numbers (presumably for the billings or business office), they do not provide the names of the treating physicians. Moreover, though it is ambiguous with respect to the second bill as it does not specify the date the services were rendered, it appears that these bills are for services rendered *after* (and presumably Plaintiffs contend *because of*) the events in question. However, the Court's January 21, 2009 Order and D.N.M.LR-Civ. 26(d)(3) specifically refers to the production of information about healthcare providers that treated Plaintiffs in the five years *proceeding* the date of the occurrence—not those that treated Plaintiffs following the occurrence.

Accordingly, this Court finds that Plaintiffs are not in compliance with the Court's January 21, 2009 Order, which required that Plaintiffs provide the "name, address and phone

---

**(3)**     for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within 15 days after receiving medical records by use of these authorizations forms, a party must make the records available for inspection and copying by all other parties to the action.

8

number of" and signed releases for any healthcare provider that "treated Plaintiffs during the last five years preceding the date of the occurrence" referred to in Plaintiffs' complaint. Nonetheless, as trial is not set until November and as it is unclear whether producing information regarding healthcare providers that treated Plaintiffs prior to the date of the occurrence will ultimately lead to the discovery of evidence relevant to the claims at issue in this case, this Court finds that any potential prejudice or surprise can still be avoided and any prior failure to disclose can be rendered harmless.  Accordingly, the Court orders that Plaintiffs comply with the paragraphs numbered 1 and 3 of the Court's  January 21, 2009 Order (requiring Plaintiffs to provide the names and contact information and signed releases for healthcare providers that treated Plaintiffs in the five years preceding the date of the occurrence) no later than five working days following entry of this Order.  If Plaintiffs cannot comply with paragraphs 1 and 3 of the Court's January 21, 2009 Order (for example, because they were treated at an urgent care facility, medical clinic, or hospital and cannot recall the name of the treating physician), then they must comply as fully as possible and must provide Defendants a written explanation identifying any shortcomings in their response and the reasons therefore.  The Court cautions Plaintiffs that non-compliance with this Order will likely result in the exclusion of any claim they have for the recovery of medical expenses.  Additionally, the Court notes that while the January 21, 2009 Order specifically addresses information regarding healthcare providers that treated Plaintiffs in the years proceeding the occurrence, information about any healthcare providers that treated Plaintiffs for injuries allegedly sustained as a result of the incident is clearly relevant and should, if it has not already, be immediately produced.

**B.      The Addresses And Telephone Numbers Of Non-Party Witnesses**

There are two non-party witnesses identified in Plaintiffs' initial disclosures, both of whom allegedly witnessed the incident.  Plaintiffs' initial disclosures listed the contact information for these witnesses as being "c/o Augustine M. Rodriquez, Esq," counsel for Plaintiffs, and listed counsel's address and telephone number.  On January 21, 2009, the Court ordered that Plaintiffs produce contact information for these two individuals, if known.  Despite the Court's Order, Plaintiffs' supplemental initial disclosures still list these individuals using counsel's contact information.  However, in Plaintiffs' opposition brief, counsel represents that he e-mailed contact information for these two witnesses to counsel for Defendants **[Doc. No. 42 at 3]**.  Counsel for Defendants, however, claim that they are not in possession of this e-mail **[Doc. No. 46 at 5]**.

The contact information for these individuals is clearly relevant and should have been disclosed.  Accordingly, setting aside the issue of whether the information was previously disclosed via e-mail, this Court orders that Plaintiffs provide Defendants, in writing, the most recent contact information they have for these witnesses, including both addresses and telephone numbers, within two calendar days after entry of this Order.

This Court, however, declines to impose sanctions at this time for the failure to provide this information.  First, there is a dispute as to precisely what information Plaintiffs provided.  Second, setting aside this dispute, this Court notes that both witnesses were identified in the police reports prepared by the City of Albuquerque Police Department.  The police reports, which are clearly in Defendants' possession (and which were also included with Plaintiffs' disclosures), list names, addresses, social security numbers, birth dates, and physical descriptions

for these two witnesses.  While this Court understands that some of this information may be out of date, as time has passed since the incident, there is no indication that Defendants have been unable to locate these witnesses or have even tried to locate these witnesses; nor did Defendants even seek to compel information regarding these witnesses until after the close of discovery.  As there is no issue of surprise, no evidence of prejudice, and still time for Defendants to attempt to informally contact these witnesses, this Court declines to exclude the testimony of these two individuals.  This Court cautions Plaintiffs, however, that if they do not comply with this Order to provide contact information, this Court would be willing to entertain a motion to exclude these witnesses from testifying at trial on behalf of Plaintiffs.

**C.      Overall Adequacy Of Records Provided**

The January 21, 2009 Order required that Plaintiffs produce "[a] copy of all records and documents that Plaintiffs will rely on to support their claims."  Defendants argue that Plaintiffs did not comply with the Order or their initial disclosure obligations because the records that Plaintiffs provided do not support Plaintiffs' claims but show that they are without merit.  This argument, however, is about the sufficiency of Plaintiffs' evidence—not whether Plaintiffs complied with their obligations.  This Court will not sanction Plaintiffs or exclude evidence in the abstract simply because Defendants contend that there must be something more.  The only evidence Defendants identify to show Plaintiffs' noncompliance with this provision of the Court's Order are the photographs that Plaintiffs submitted in opposition to Defendants' Motion for Summary Judgment.  These photographs, however, were apparently taken by the Albuquerque Police Department on the night of the incident.  Defendants cannot seriously contend that they are prejudiced by Plaintiffs' failure to produce these photographs.

11

Accordingly, the Court declines to issue an order excluding unidentified evidence that may or may not exist (and may or may not be in Defendants' possession). The Court, however, again cautions Plaintiffs that it will not tolerate surprise and gamesmanship at trial. Should Plaintiffs attempt to introduce evidence that was not properly disclosed so as to prejudice Defendants, the Court will entertain a motion to exclude such evidence at that time.

**D.     Adequacy Of Damages Records**

Finally, Defendants contend that Plaintiffs failed to comply with paragraph 6 of the January 21, 2009 Order, which required Plaintiffs to provide "a specific computation of damages and a copy of the underlying documents on which such computation is based." Plaintiffs provided the following "preliminary" computation of damages in their supplemental initial disclosures:

1.     Economic Losses - $50,000.00 each;
2.     Violation of Plaintiff's Civil Rights, - $100,000.00 each;
3.     Emotional Distress - $100,000.00 each;
4.     Pain and Suffering from Physical Injury - $100,000.00 each; and
5.     Punitive Damages - $350,000.00.

However, apart from the three medical bills described above, Plaintiffs provided no documents to support their specific computation of damages. While for certain damage claims, such as those relating to emotional distress, Plaintiffs may have little documentation and may be intending to rely on their own testimony, one would expect a certain amount of documentation to support other damage claims, such as those for economic losses. At this point in the litigation, however, the Court need not speculate on how Plaintiffs intend to support their damage claims and declines to issue an order excluding hypothetical damage evidence that may exist, but has not yet been produced. Rather, the Court cautions Plaintiffs that any documents that support

12

their damage claims that have not already been produced should be produced within ten days of entry of this Order.  As noted above, the Court will not tolerate surprise at trial and expects that any records that Plaintiffs intends to rely on will have been produced to Defendants well in advance of trial so as to prevent any risk of prejudice, undue surprise, or disruption of trial.

## CONCLUSION

**IT IS THEREFORE ORDERED** that

1.   Within **five working days** following entry of this Order, Plaintiff must produce (a) the information regarding healthcare providers required by the paragraph numbered 1 of the Court's January 21, 2009 Order **[Doc. No. 30]** and (b) the signed releases required by the paragraph numbered 3 of the January 21, 2009 Order.  If Plaintiffs cannot fully comply with the above, Plaintiffs must produce what information is available to them and provide Defendants with a written explanation of why any additional information required by paragraphs 1 and 3 cannot be produced.

2.   Within **two calendar days** following entry of this Order, Plaintiffs shall provide to Defendants, in writing, the most recent contact information they have for third-party witnesses Valeria Cortez and Joanna Anaya, including both addresses and telephone numbers.

3.   Defendants are entitled to their reasonable expenses, including attorney's fees, incurred in connection with the filing of this motion pursuant to Fed. R. Civ. P. 37(b)(2)(C).

4.      Except as expressly set forth above, Defendants' request for dismissal and for

other sanctions and remedies is **DENIED**.

DATED this 28th day of September, 2009.

_____

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

14